1

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

MADISON PHILLIPS,                          )

Plaintiff.                                 )

v.                                         )        Case No. __CIV-26-821-HE__

LAST FRONTIER COUNCIL, INC.,               )

d/b/a Scouting America,                    )

Defendant.                                 )

FILED

APR 16 2026

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA
BY_____, DEPUTY


## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Madison Phillips ("Plaintiff"), proceeding pro se,

alleges as follows:

## I. JURISDICTION AND VENUE

1. This action arises under the laws of the United States.

2. Plaintiff asserts claims under:

    a. Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.)

    b. 42 U.S.C. § 1981

    c.  Americans with Disabilities Act (42 U.S.C. § 12101 et seq.)

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

4. This Court also has jurisdiction under 28 U.S.C. § 1343.

5. Venue is proper in this district under 28 U.S.C. § 1391.

6. This Court has supplemental jurisdiction under 28 U.S.C. § 1367.

## II. PARTIES

7. Plaintiff resides in Oklahoma.

8. Plaintiff is Black.

9. Defendant operates as a local council affiliated with Scouting America.

10. Defendant employs more than fifteen employees.

11. Defendant was Plaintiff's employer.

12. Plaintiff worked as a District Executive.

## III. ADMINISTRATIVE EXHAUSTION

13. Plaintiff filed a charge with the EEOC alleging race discrimination, disability discrimination, and retaliation.

14. Plaintiff received a Notice of Right to Sue.

15. This action is timely filed within 90 days of receipt of that notice.

## IV. FACTUAL BACKGROUND

### Employment and Performance

16. Plaintiff was hired as a District Executive.

17. Plaintiff performed his job satisfactorily and met Defendant's legitimate expectations.

18. Plaintiff worked with youth programs and volunteers.

19. Plaintiff's children participated in a Cub Scout pack.

20. Plaintiff also volunteered in that pack.

### Hiring Representations and Reliance

21. Defendant represented that Plaintiff would have his own office.

22. This representation was material to Plaintiff's decision to accept employment.

23. Plaintiff relied on this promise and left prior employment.

24. Defendant later contradicted this representation.

25. Plaintiff was disciplined in connection with workspace issues.

### Comparator Treatment and Race Context

26. Similarly situated District Executives were permitted to maintain volunteer roles involving their children.

27. These employees were white.

28. They were subject to the same supervisor and policies.

29. They engaged in similar conduct.

30. They were not disciplined or terminated.

31. Plaintiff was the only Black employee in his working environment.

32. Plaintiff and his children were the only Black members in the scouting pack.

33. The volunteers involved in complaints were white.

34. Plaintiff was treated differently than similarly situated white individuals.

35. Plaintiff's actions were scrutinized more harshly.

36. Plaintiff alleges that race was a motivating factor in Defendant's actions.

**Disability and Accommodation**

37. Plaintiff has a disability within the meaning of the ADA.

38. His condition substantially limits major life activities, including managing stress and functioning in high-conflict environments.

39. Defendant was aware of Plaintiff's condition.

40. Plaintiff informed Defendant that yelling triggered his condition.

41. Plaintiff requested reasonable accommodations, including modified training requirements and a stable work environment.

42. Plaintiff requested virtual training and provided medical documentation.

43. Defendant failed to engage in the interactive process.

44. Defendant instead issued ultimatums requiring compliance or termination.

**Forced Training and Medical Impact**

45. Plaintiff's health was fragile.

46. Plaintiff was forced to choose between health and employment.

47. Plaintiff attended training under threat of termination.

48. Plaintiff required medical treatment before and during training.

49. Plaintiff completed training under duress.

50. Plaintiff's condition worsened.

**Hostile Conduct by Supervisor**

51. Plaintiff informed his supervisor of medical triggers.

52. The supervisor engaged in repeated yelling and aggressive conduct.

53. The supervisor slung chairs into objects such as file cabinets and doors.

54. This created an intimidating and hostile environment.

55. Plaintiff asked the supervisor to stop.

56. The supervisor refused.

**Failure to Act**

57. Plaintiff reported the conduct to leadership.

58. Defendant failed to take corrective action.

59. Plaintiff's condition worsened.

## Protected Activity and Retaliation Timeline

60. On March 25, 2025, Plaintiff's supervisor engaged in aggressive conduct, including yelling and slinging chairs.

61. Plaintiff received no write-up on that date.

62. On March 26, 2025, Plaintiff spoke with the CEO and COO.

63. No discipline was mentioned.

64. On March 27, 2025, Plaintiff submitted a written complaint regarding his treatment and disability triggers.

65. Later that day, Plaintiff was instructed to meet with the COO.

66. On March 28, 2025, Plaintiff received four disciplinary write-ups for the first time.

67. During that meeting, Plaintiff was told he could keep his office arrangement.

68. The timing of these write-ups demonstrates retaliatory intent.

## COO Conduct and Termination Events

69. Days prior to termination, the COO told Plaintiff it was acceptable to participate in his children's scouting pack.

70. Plaintiff relied on this representation.

71. Plaintiff was not told this conduct could result in termination.

72. The COO later called Plaintiff and asked him to step down, referencing a complaint.

73. Plaintiff attempted to engage in discussion consistent with company policy.

74. Plaintiff stated he had done nothing wrong and had children enrolled.

75. The COO abruptly ended the call.

76. Plaintiff followed up via text.

77. The COO did not respond and gave no warning of termination.

## Termination and Physical Incident

78. The COO later arrived and delivered a termination letter.

79. Plaintiff asked for clarification but was refused.

80. The COO attempted to take Plaintiff's laptop by force.

81. Plaintiff stated he would escalate the issue.

82. The COO blocked Plaintiff's exit.

83. Plaintiff was pushed into a door frame.

84. The COO threatened to call law enforcement.

85. This conduct was intimidating and occurred immediately after termination.

## Pretext

86. Defendant claimed Plaintiff was terminated for insubordination.

87. This reason is false.

88. White employees were treated more favorably.

89. Defendant selectively enforced policies.

90. Defendant gave inconsistent explanations.

91. Defendant previously allowed Plaintiff's conduct.

92. Defendant's shifting explanations and inconsistent enforcement of policies further demonstrate that its stated reason for termination was a pretext for unlawful discrimination and retaliation.

93. The timing supports retaliation.

**Unemployment Findings**

94. Defendant claimed misconduct in unemployment proceedings.

95. The Tribunal reversed and found no misconduct.

96. This undermines Defendant's stated reason.

## V. CLAIMS FOR RELIEF

### COUNT I – Title VII Race Discrimination

97. Plaintiff incorporates all prior paragraphs.

98. Plaintiff is a member of a protected class.

99. Plaintiff was qualified for his position.

100. Plaintiff was terminated.

101. Similarly situated white employees were treated more favorably.

102. Defendant's stated reason was pretextual.

103. Defendant's actions were motivated by race.

## COUNT II – 42 U.S.C. § 1981 Race Discrimination

104.     Plaintiff incorporates all prior paragraphs.

105.     Defendant intentionally discriminated based on race.

## COUNT III – ADA Failure to Accommodate

106.     Plaintiff incorporates all prior paragraphs.

107.     Plaintiff has a disability.

108.     Plaintiff requested reasonable accommodations.

109.     Defendant failed to accommodate.

110.     Defendant's failure to engage in the interactive process constitutes a violation of the ADA.

## COUNT IV – ADA Retaliation

111.     Plaintiff incorporates all prior paragraphs.

112.     Plaintiff engaged in protected activity.

113.     Defendant took adverse action.

114.     There is a causal connection between the two.

## COUNT V – Title VII Retaliation

115.      Plaintiff incorporates all prior paragraphs.

116.      Plaintiff engaged in protected activity.

117.      Defendant retaliated through discipline and termination.

## COUNT VI – Promissory Estoppel

118. Plaintiff incorporates all prior paragraphs.

119. Defendant made a clear and definite promise that Plaintiff would have his own office.

120. Defendant reaffirmed this promise during Plaintiff's employment.

121. Defendant reasonably expected Plaintiff to rely on this promise.

122. Plaintiff did rely on this promise by accepting employment and leaving prior employment.

123. Defendant later failed to honor this promise.

124. Plaintiff suffered harm as a result of his reliance.

125. Injustice can only be avoided by enforcement of the promise.

**COUNT VII – Negligent Supervision**

126. Plaintiff incorporates all prior paragraphs.

127. Defendant failed to supervise its employees.

128. Defendant failed to act on known misconduct.

129. Plaintiff suffered harm.

**VI. PRAYER FOR RELIEF**

Plaintiff requests:

A. Back pay;

B. Front pay or reinstatement;

C. Compensatory damages;

D. Punitive damages;

E. Costs and attorney's fees; and

F. Any additional relief deemed just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

Madison Phillips

Plaintiff, Pro Se

205 W Virginia St

Walters, OK 73572

580-559-6133

Phillipsmadison30@gmail.com

Date: April 16, 2026